IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CRIMINAL DOCKET NO. 2:08-CR-00711** |
| ) | |
| **v.** ) | **HONORABLE MARY A. MCLAUGHLIN** |
| ) | |
| **ANDREW MOGILYANSKY** ) | |

MEMORANDUM IN SUPPORT OF
MOTION TO TO PERMIT COUNSEL TO BRING IN LAPTOP COMPUTER INTO
PRISON AND TO DESIGNATE BUSINESS VISITOR

The Defendant, Andrew Mogilyansky, is currently incarcerated at the Philadelphia Federal Detention Center awaiting trial on multiple complex international criminal charges. He has been charged with four counts relating to traveling in foreign commerce and engaging in sexual activity.

**Counsel must be permitted to bring in a notebook computer into prison to review and analyze discovery with the Defendant.**

The Government is providing the Counsel with the exact "clone" of the hard drive from the Defendant's notebook computer which was seized from him in 2004. The research that needs to be conducted in order to prepare for the defense in this case involves operating system files, modified/accessed data research, system-level access to various logs, etc. In order to conduct this type of research, the hard drive provided by the

Government must be inserted into a Dell notebook similar or identical to the one seized from the Defendant in 2004, which will then be able to "boot" from this hard drive.

For this purpose, all counsel involved in this matter are making a special request to bring in a notebook computer, similar or identical to the one seized from the Defendant in 2004, so that counsel can adequately prepare the defense by reviewing the information and doing the necessary research on the hard drive with Mr. Mogilyansky during official counsel visits.

In addition, it is respectfully requested that Mr. Mogilyansky is allowed to have access to the same data at the Federal Detention Center in order to fully prepare for his defense in this case. Mr. Mogilyansky has been denied his right to prepare his defense due to his inability to access a computer at the prison. The prison must be able to provide a computer to which the hard drive provided by the Government will be internally connected so that the computer can "boot" from it. If the prison is unable to provide this, Mr. Mogilyansky will be able to provide one at his own expense, ordered and shipped directly to the FDC from the manufacturer.   Since this case is extremely complex, involves voluminous documents in several foreign languages, and there is an immense amount of digital data, it is further requested that Mr. Mogilyansky is allowed computer access at the Federal Detention Center 8 hours a day, 5 days a week.

The Supreme Court recognized the right of inmates to effective and meaningful access to the courts in *Bounds v. Smith,* 430 U.S. 817, 821-23, 97 S.Ct. 1491, 1494-95, 52 L.Ed.2d 72 (1977). *See also Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987) (referring to the equal protection guarantee of meaningful access

to the courts); *Procunier v. Martinez,* 416 U.S. 396, 419, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974) ("The constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violation of their constitutional rights."); *Ex parte Hull,* 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034 (1941) (state may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir.1986) (access to courts is protected by fourteenth amendment guarantees of procedural and substantive due process as well as the first amendment right to petition for redress of grievances); *Nordgren v. Milliken,* 762 F.2d 851 (10th Cir.1985) (access to the courts a privilege and immunity accorded citizens under article four and the fourteenth amendment, part of the right to petition under the first amendment and the due process clause).

**The Defendant Is Entitled To A Business Visitor Pursuant to the Federal Regulations**

The Defendant, who is currently in pre-trial detention, is entitled to have a person designated as a business visitor pursuant to Prison Regulation P5267.08, which has been implemented by the Philadelphia Federal Detention Center.  An inmate who is in pre-trial status may be allowed special visitors to protect his business interests.  The purpose of the special designation is as follows:

*Pretrial inmates may be allowed special visitors for the purpose of protecting the pretrial inmate's business interests. In those instances where an inmate has turned over the operation of a business or profession to another person, there still may be an occasion*

*where a decision must be made which will substantially affect the assets or prospects of the business. The Warden accordingly may permit a special business visit in such cases. The Warden may waive the requirement for the existence of an established relationship prior to confinement for visitors approved under this paragraph.*

This regulation is codified in 28 CFR §540.45.

  Mr. Mogilyansky has attempted to have Mr. Nicholas Reinhart designated as a special business visitor.  Mr. Mogilyansky is in the process of closing a car dealership that employs over two dozen employees.  It is an extraordinary business situation that will occur over a short period of time.  It involves real estate, inventory and vendor obligations and requires that he communicate with Mr. Reinhart frequently over this short period of time where he is attempting to finalize this sale.

  Mr. Mogilyansky made an application for Mr. Reinhart to be designated as a business visitor but has been denied approval without explanation.   Both Mr. Mogilansky and his attorney has attempted to communicate with both the warden's office and with Darren Howard, Esquire, the legal counsel for the prison but counsel and the Defendant have not received a response.

  The business visitor is critical for the well- being of Mr. Mogilyansky's business holdings and more importantly his wife and three young children, ages 8 months and 2 years. The prison's failure to respond to the Defendant's requests is damaging his business and his family's financial well-being.  This court has denied the Defendant's pre-trial release.   However, at this point in the case, Mr. Mogilyansky has not been convicted of any crime and is being denied his right to preserve his livelihood especially in light that he intends to present a vigorous defense to the charges against him.

Since the prison has denied this request without rational explanation, the Defendant respectfully requests that this court order the prison to allow Mr. Reinhart to visit as a business visitor to complete this business transaction.

WHEREFORE, the Defendant respectfully requests that the Honorable Court grant the above requests.

/s/ Jack McMahon

-----

JACK MCMAHON, Esquire

**CERTIFICATE OF SERVICE**

      I, Jack McMahon, Esquire do hereby certify that on this date I served a copy of the foregoing Memorandum in of the Motion  by  electronic mail upon:

AUSA  Michelle Morgan- Kelly
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
michelle.morgan-kelly@usdoj.gov

                                            /s/ Jack McMahon

                                            _____
                                            Jack McMahon

DATE:  February 23, 2009