# IFEX Global, Inc.

## An IFEX Company

From: Andrew Mogilyansky
To:     Fred Crawford
Re:     Modification
Date:   January 21, 2016


Dear Mr. Crawford,

Thank you for stopping by my work yesterday and further discussing computer monitoring with me. This was an important follow-up to our discussion last Monday, and I feel I now have a full understanding of all aspects of this.

As you know, computer monitoring was not mandated at my 2009 sentencing, nor was it even requested by the government. Despite some lines in my PSR to the contrary, I have never used my computer for nefarious purposes, which is why the government did not even bother requesting the monitoring, and the court did not ask if it was necessary. This issue has never come up until your supervisor suggested it last week.

Nevertheless, after discussing it with you and giving it some thought, I have decided to voluntarily consent to the monitoring. I am not doing this because I feel it is necessary or justified, as I have never done anything wrong using my computer. Rather, my consent is primarily based on my discussions with you, which resulted in my recognition of the long-term benefits computer monitoring will provide me with, without hindering my ability to continue to use my [monitored] computers for work in an effective manner.

Since I am signing the modification voluntarily, and I use computers at work every day, I would like to recap my understanding of how computer monitoring works, and the benefits it may provide to me long-term:

1. I will have the monitoring software installed on my laptop, work computer, and cell phone.
2. The software will monitor anything I may do from these devices, and I will not get into trouble as long as I do not use the devices for criminal activity.
3. As you know, I use my computers to work with business documents and records. Many of these documents relate to trade secrets, intellectual property, financial matters, business plans, or may be subject to attorney-client privilege because of my work with several attorneys on various legal matters. Additionally, I use my computers to access my personal and business bank accounts, and my login information will be collected by the monitoring

program. You have assured me that information collected from my devices will not be accessible to any third parties.

4. The information and record of my online/computer/network activities will not be scrutinized beyond determination of criminal activity primarily of the type related to the subject matter of my original conviction. As you and I discussed, this is the very (and only) reason and purpose of my computer monitoring, and it is because I have no intention to engage in such conduct that I voluntarily agreed to the monitoring.

5. I will use my laptop and work computer on the office network. As long as I do all my work physically from these [monitored] computers, including accessing network files, computers, printers, scanners etc. Because the computer I am physically using is being monitored by the software, anything I do from it is seen, and I am not violating the monitoring rules. In other words, as you explained to me, as long as I do not start physically working from other computers, I will not get into trouble.

6. I routinely receive and send business information via electronic means, such as e-mail, messaging, optical disks, USB drives, etc. I will not be prohibited from continuing to do so, as long as the information is not encrypted and visible to the monitoring program.

7. I often have to fix some hardware issues with computers at work, and I have in the past run a business which resold computer servers. I am presently in negotiations about launching a new venture reselling computer hardware. As part of this, I may be overseeing a warehouse where computers are stored, assembled and shipped. Physical work on other computers (e.g. installation of a new power supply, video card or CPU) will not prohibited as long as I do not actually use the computer in question as a communication device.

8. If I do not violate some other conditions, the computer monitoring should generally improve my ability to request business travel to other districts.

9. If I am in full compliance with all conditions of supervision for a few years (including computer monitoring), I will be able to petition with you and/or the court to remove this requirement and/or terminate my supervised release. If the Probation Office believes it has no reason to continue the monitoring and/or supervision, it will not object to my petition. The Probation Office will be more likely to act in this way if it has monitored my computer activities.

I appreciate your time explaining this to me and your goodwill, and I look forward to demonstrating my full compliance with your requirements.

Sincerely yours,

Andrew Mogilyansky
President
IFEX Global, Inc.